Fremont Joint Stock Land Bank, of Fremont, Nebraska, Appellee, v. Carl S. Foster, Receiver, Appellant; Frank E. Smith et al., Appellees.

No. 41750.

April 4, 1933.

Stipp, Perry, Bannister & Starzinger, for appellant.

Fred M. Deweese and Good, Good & Kirkpatrick and Thornell, Thornell & Nichols, for appellees.

ANDERSON, J.—This was an action brought in the district court of Fremont county, by the plaintiff-appellee, to foreclose a real estate mortgage upon which there was a principal sum due of $22,764.64 with interest. Answers and cross-petitions were filed by Carl S. Foster, as receiver of the national banks named as defend-

ants. All of the other defendants defaulted on personal service. The answer of the defendant Foster, receiver, alleged that he was the title holder of the premises; that there had been a prior action brought for the foreclosure of the identical mortgage resulting in a judgment and decree of foreclosure; that the land covered by the mortgage had been sold under special execution issued on such prior judgment and decree; that there was a splitting of causes of action by the plaintiff in first bringing an action in foreclosure for certain installments of the principal mortgage, and that in selling the mortgaged property, under such former foreclosure decree the plaintiff exhausted its security, and that the lien of the mortgage for the principal amount to become due was thereby exhausted, and that plaintiff is now entitled only to a bare judgment against the signers of the note secured by the mortgage, and without further recourse to the land.

The plaintiff alleged in a reply to the defendant's answer that the former foreclosure was only for an installment of interest and part of the principal note secured by the mortgage, and that plaintiff had a right, under the terms of the mortgage, to bring its action for past-due installments, and for the preservation of its lien under the mortgage for the nondelinquent portion thereof.

The cause was submitted to the court upon the issues thus joined, and the court entered a judgment and decree establishing and confirming the lien of plaintiff's mortgage for the principal amount due and decreeing a foreclosure. From such judgment and decree, the defendant Foster appeals.

The promissory note and mortgage in suit were executed on the 20th day of October, 1925, by the defendants, Smiths, the mortgage covering 240 acres of land located in Fremont county, Iowa. The amount of the note and mortgage was $23,000. Subsequent to the date of the above-mentioned note and mortgage, one H. J. Spurway, as receiver of the First National Bank of Shenandoah, procured from the Smiths a mortgage for $2,700, which, by its terms, was made subject to the plaintiff's mortgage above mentioned. The Spurway mortgage was later foreclosed, the decree of foreclosure reciting that it was subject to the prior incumbrance of plaintiff. The said Spurway, as receiver, acquired title to the land involved by Sheriff's deed under his foreclosure.

On May 3, 1927, the plaintiff commenced an action to foreclose its mortgage for past-due installments. In that action the

Smiths, as makers of the note, were made parties defendant, as was also the Shenandoah National Bank, H. J. Spurway, as receiver of the First National Bank and of the Clarinda National Bank. All of the defendants were personally served with the original notice in that action. The mortgage there involved was the same mortgage as in the present case. The original notice above referred to, in addition to the usual provisions, set out the total amount of the mortgage, $23,000, and stated that the plaintiff was only asking for a judgment and foreclosure for the amount due upon a past-due installment. The original notice contained the further statement:

"Said foreclosure to be for the amount of $1233.17 and interest only. The balance due on said note secured by said mortgage remains in full force and effect and a lien upon said property."

The plaintiff's petition filed in the prior action alleged that the installment was past-due and that taxes and insurance remained unpaid, and asked that plaintiff have foreclosure for the amount then due, and that plaintiff was entitled to bring the action for the installment past-due only, according to the provisions of the mortgage, and that it elected to foreclose the mortgage for the sum past-due without injury to the principal mortgage or the displacement of the lien thereof. The petition was designated in the title, "Foreclosure for installment and taxes."

The mortgage involved provided that "mortgagee may foreclose only as to the sum past due without injury to this mortgage or the displacement or the impairment of the lien thereof." The former case was submitted to the court, and the court, after finding that all defendants as well as the subject-matter of the action were within the personal jurisdiction of the court, found and decreed as follows:

"That all things and matters alleged in the plaintiff's petition were true. That the principal sum of the note and mortgage was the amount of $23,000, and that the note provided for the payment of semiannual installments. That the mortgagee had the right under the terms of the mortgage to foreclose only as to the sum past due without injury to the mortgage or to the displacement or impairment thereof."

"According to the provisions of said note and mortgage the plaintiff became entitled at its election to foreclose said mortgage for the sum past due without injury to the principal mortgage or

the displacement of the lien thereof; that plaintiff elects to foreclose this mortgage as to the said interest and amortization installment number 3 without injury to the lien of the principal mortgage."

The decree further recited:

"That whatever interest defendants or any of them have in and to said mortgaged premises is subject, junior and inferior to plaintiff's lien for the amount herein claimed to be due and to the lien of the plaintiff for the balance of its mortgage."

The court then entered judgment and decree for $1,233.17 with interest and costs, said decree containing the following:

"And the said judgment is hereby decreed to be a lien against said mortgaged lands from the date of said mortgage, to wit October 20, 1925, subject only to the lien of the plaintiff for the unpaid balance of its mortgage; and this judgment is rendered without prejudice to the non-delinquent portion of the plaintiff's mortgage which still remains a first lien on the said mortgaged lands."

The decree further barred, foreclosed, and estopped each and all of the defendants from claiming or asserting any interest, right, or lien whatsoever prior and senior to the plaintiff's mortgage and the lien thereof.

No appeal was prosecuted from the foregoing mentioned judgment and decree.

A special execution was issued under the decree so entered and the land covered by the mortgage was sold to satisfy the judgment and costs. Spurway, as receiver, redeemed from the sheriff's sale under the special execution and thereafter paid several of the installments of the plaintiff's principal mortgage subsequently falling due. Spurway, as receiver, was succeeded by Carl S. Foster as receiver, and as indicated the defense in this case was made by Foster.

It will be noticed from the foregoing that in the first foreclosure proceeding brought by the plaintiff upon the installment then due, the lien of plaintiff's mortgage for the principal sum was recognized and preserved by the judgment and decree entered in that case. And the intention on the part of the plaintiff to preserve the lien of its mortgage for the principal sum not then due is indicated by the recitation in the original notice served personally

upon all of the defendants, in the petition of the plaintiff, in the decree, in the special execution, and in the certificate of sale. The defendant-appellant had actual notice of all of these proceedings and of the claim of plaintiff as to its right to foreclose its mortgage for the installment then due without injury to or the displacement of its lien for the principal amount of its mortgage yet to become due. There was no appeal from the judgment and decree in the former case, and that judgment is a verity and not subject to a collateral attack as is attempted in the case at bar.

The case in its facts and in the issues raised is identical with the situation found in the case of the Lincoln Joint Stock Land Bank v. Marshall J. Williams et al., 216 Iowa ......, 246 N. W. 841. In that opinion we discussed at length the propositions now before us and referred to and cited authorities sustaining the ruling in that opinion. It would serve no purpose to repeat that discussion here. We are satisfied with the ruling there announced and reaffirm the pronouncements in that opinion contained. Following the ruling there announced, it is our conclusion that the judgment and decree of the district court in the case at bar was right and should be affirmed.—Affirmed.

All Justices concur.